## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 06-308 (RHK/SRN)

       Plaintiff,

       v.                                    **REPORT AND RECOMMENDATION**

Luetta Kaye Jacobsen,

       Defendant.

---

Frank J. Magill, Esq., on behalf of Plaintiff

Scott F. Tilsen, Esq. and Lyonel Norris, Esq., on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss for Preindictment Delay (Doc. No. 17), Motion to Dismiss for Improper Venue (Doc. No. 14), and Motion to Transfer Place of Trial (Doc. No. 15.)  This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.      BACKGROUND

An Indictment was filed on September 19, 2006, charging Defendant with one count of wire fraud, in violation of 18 U.S.C. § 1343.  (Doc. No. 1.)  No witnesses testified at the criminal motions hearing and neither party introduced any exhibits.  This matter is set for trial before United States

1

District Judge Richard H. Kyle on January 8, 2007.

## II.    FACTS

At all times relevant to the Indictment against her, Defendant Luetta K. Jacobsen was a resident of Cabo San Lucas, Mexico, where she was a franchisee of the Coldwell Banker real estate company and worked as a real estate broker.  (Indict. at ¶ 1.)  From about April 2001 to about December 2001, Defendant allegedly engaged in a scheme to defraud clients of her real estate business.  (Id. at ¶ 3.)  This scheme consisted of representing to her clients that funds wired into a bank account under her control in San Diego, California ("the Mañana Today account") would be held in escrow, or "otherwise reserved and used to purchase interests in property", and instead improperly utilizing those funds, for personal gain and to pay off other liabilities of her real estate business.  (Id. at ¶ 3.)  The Government contends that, in furtherance of her scheme, she caused wire communications to be transmitted in interstate and foreign commerce in violation of 18 U.S.C. § 1343 and that, in total, she diverted in excess of $400,000 from her real estate clients.  (Id.)  One such transfer of $47,398 was made from the Richfield Bank and Trust bank account of Steven R. Offerdahl in Richfield, Minnesota.  (Id. at 4.)

The Government has interviewed, as potential witnesses, the persons allegedly defrauded in Defendant's scheme, and these individuals live in Florida, Minnesota, Virginia, North Carolina and Ohio.  (Kinney Aff. Opp. Def. Mot. Dismiss at 1.)  Only one alleged victim of Defendant's activities lives in California and, unlike the other alleged victims, that person allegedly sold an interest in property through Defendant, but never received the proceeds of the sale.  (Id. at 1-2.)

## III.   MOTION TO DISMISS FOR PREINDICTMENT DELAY

Defendant argues that the Indictment against her should be dismissed because the Government

has violated her rights under the Fifth Amendment of the United States Constitution by intentionally delaying its pursuit of an indictment against her, and by initiating this prosecution in the District of Minnesota. (Def.'s. Mot. Dismiss for Preindictment Delay at 1.) Defendant maintains that the Government engaged in these strategies to frustrate her ability to defend herself and to "exacerbate the passage of time and with (sic) the additional distance with the intention of depriving the defendant of a fair trial and due process of law within the meaning of the Fifth Amendment ..." (Id.) Defendant cites no case law in support of her argument, nor provides the court with the alleged length of the pre-indictment delay of which she complains, nor develops these allegations with any factual detail.

The Government responds that the Court should deny Defendant's Motion to Dismiss for Preindictment Delay because Defendant has failed to make the showing of actual prejudice required to dismiss this case on these grounds. (Gov. Mem. Opp. Mot. at 2.)

The Eighth Circuit has stated,

> The Due Process Clause of the Fifth Amendment protects a criminal defendant against unreasonable pre-indictment delay. To prove a violation of his due process rights, [a defendant] must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him. The court will inquire into the reasons for delay only where actual prejudice has been established.

United States v. Sturdy, 207 F.3d 448, 451-452 (8th Cir. 2000) (internal citations omitted). Finally, "[t]o prove actual prejudice, a defendant must specifically identify witnesses or documents lost during delay properly attributable to the government." United States v. Bartlett, 794 F.2d 1285, 1290 (8th Cir. 1986). "It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time." Sturdy, 207 F.3d at 452.

3

Defendant absolutely fails to meet her burden of demonstrating actual prejudice. She makes no concrete allegations of actual prejudice, such as the loss of evidence or witness testimony attributable to the delay, for the Court to evaluate. Accordingly, the Court recommends that her motion be denied.

## IV. MOTION TO DISMISS FOR IMPROPER VENUE

Defendant moves the Court for an order dismissing the Indictment against her on the grounds that the District of Minnesota is an improper venue for the prosecution of this case. Defendant agrees that, "[a]s a general rule, jurisdiction is proper where any portion of the crime was committed or as specified by Congress." (Def. Mem. Supp. Mot. Dismiss for Improper Venue at 3.) Defendant contends, however, that, "[w]ith respect to wire fraud, or mail fraud, the act of causing a wire transmission or mailing to occur in furtherance of the scheme to defraud creates the possibility of venue at such a location." (Id.) According to Defendant, the alleged acts giving rise to the alleged offense occurred "somewhere between San Diego and Mexico." (Id.) Moreover, she maintains that "the indictment does not allege a transmission or act within the State and District of Minnesota for placement of venue here which was in furtherance of the scheme to defraud." (Id.) Finally, Defendant notes that "the proper venue for a bank and wire fraud scheme lay in the district where the bank accounts from which the funds were taken was located even though the defendant's acts had precipitated wire transfers from elsewhere to those banks." (Id. at 3-4.)

The Government argues that the Court should deny Defendant's motion because the Indictment properly alleges venue in the District of Minnesota. (Gov. Mem. Opp. Mot. at 4.) To the extent that Defendant challenges the factual basis for these allegations, the Government contends that this is a question for the jury. (Id. at 3.)

The United States Supreme Court has stated,

> The [Eighth Circuit] Court of Appeals first recounted law that is not in doubt: Both Rule 18 of the Federal Rules of Criminal Procedure and the Constitution require that a person be tried for an offense where that offense is committed, also, the site of a charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it.  Continuing offenses, ... "those begun in one district and completed in another," 18 U.S.C. § 3237(a), may be tried "in any district in which such [an] offense was begun, continued, or completed."

United States v. Cabrales, 524 U.S. 1, 5-6 (1998) (internal citations omitted).  In United States v. Ebersol, the Fourth Circuit held that, "wire fraud [is] a continuing offense, as defined in § 3237(a), [and] properly tried in any district where a payment-related wire communication was transmitted in furtherance of [Defendant's] fraud scheme."  411 F.3d 517, 527 (4th Cir. 2005); see also United States v. Pace, 314 F.3d 344, 349-50 (9th Cir. 2002); United States v. Goldberg, 830 F.2d 459, 465 (3d Cir. 1987).  "A wire is 'transmitted' both where it was sent and where it was received."  United States v. Kim, 246 F.3d 186, 192-92 (2d Cir. 2001).

The Indictment clearly alleges that, in furtherance of her scheme, Defendant caused a wire transfer of $47,398 to be transmitted from the bank account of Steven R. Offerdahl at Richfield Bank and Trust, Richfield, Minnesota, to the Mañana Today account in San Diego, California.  As Richfield, Minnesota, the point of the wire transfer's origination, and therefore transmission, lies in the District of Minnesota, venue therein is proper.  Therefore, the Court recommends that Defendant's motion be denied.

## V.	MOTION TO TRANSFER PLACE OF TRIAL

In the alternative, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, Defendant seeks a transfer of venue to the Southern District of California.  (Def's. Mem. Supp. Mot.

Dismiss for Lack of Venue at 4-5.)  Defendant argues that the Southern District of California is more

convenient, both for the witnesses involved and for Defendant herself.  (Id.)  First, Defendant maintains

that the only witness in the District of Minnesota is Steven R. Offerdahl, and that the other alleged

victims reside "all over the United States, many in locations far more accessible to the Southern District

of California."  (Id.)  Moreover, Defendant notes that, to the extent that she is able to obtain

documents, and/or witnesses, from Mexico, the Southern District of California is more convenient.

(Id.)  In addition, the Southern District of California contains the location of the bank which holds the

Mañana Today account.  (Id. at 3.)  Finally, Defendant contends that she now resides in Arizona, and

asserts that, were this case to be prosecuted in the District of Minnesota, she would be "forced to

defend herself far away in a strange place where she has never before been."  (Id. at 5.)  The Southern

District of California, she alleges, "is more accessible to her."  (Id. at 4.)

       The Government urges the Court to deny Defendant's motion, because Defendant has not met

her burden of proving that the transfer would be more convenient for the parties and the witnesses.

(Gov. Mem. Opp. Mot. at 5.)

       Federal Rule of Criminal Procedure 21(b) provides: "Upon the defendant's motion, the court

may transfer the proceeding, or one or more counts, against that defendant to another district for the

convenience of the parties and witnesses and in the interest of justice."  As the Eighth Circuit has stated,

"[t]he question of transfer under Rule 21(b), 'for the convenience of parties and witnesses and in the

interest of justice', is one involving realistic approach, fair consideration and judgment of sound

discretion on the part of the district court."  United States v. Phillips, 433 F.2d 1364, 1368 (8th Cir.

1970), cert. denied, 401 U.S. 917 (1971).  Courts consider the following factors in determining

6

whether transfer is warranted:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

United States v. McGregor, 503 F.2d 1167, 1170 (8th Cir. 1974), cert. denied, 420 U.S. 926 (1975).

The Court finds that the vast majority of potential witnesses in this case reside in Florida, Minnesota, Virginia, North Carolina and Ohio and, for these witnesses, the District of Minnesota is equally convenient to the Southern District of California. Only one alleged victim resides in California. The records of the California bank which holds the Mañana Today account are already present in the District of Minnesota, and if Defendant stipulates to the admissibility of these records, this alleged victim will be the only witness for whom the Southern District of California is more convenient. Defendant has submitted no affidavits, or other evidence, demonstrating that she plans to call witnesses, or obtain documents, from Mexico; therefore, the Court finds that her claims regarding these potential witnesses and documents are wholly speculative. Accordingly, the Court recommends that Defendant's Motion to Transfer Place of Trial be denied.

THEREFORE, IT IS HEREBY RECOMMENDED that:

1.      Defendant's Motion to Dismiss for Preindictment Delay (Doc. No. 17) be **DENIED**;

2.      Motion to Dismiss for Improper Venue (Doc. No. 14) be **DENIED**;

3.      Motion to Transfer Place of Trial (Doc. No. 15) be **DENIED**.


Dated: December 6, 2006


_____s/ Susan Richard Nelson_____

SUSAN RICHARD NELSON
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by **December 21, 2006,** after being served with a copy thereof.  The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.